UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

KATIE NILES                                            *CIVIL ACTION NO. 6:11-2153

VERSUS                                                 *JUDGE HAIK

DAVID R. COX, ET AL.                                   *MAGISTRATE JUDGE HILL

WRITTEN REASONS FOR RULING

Pending before the undersigned is the plaintiff's Motion to Remand this suit to the

27th Judicial District Court.  [rec. doc.9].   Defendants, David R. Cox, J.B. Hunt

Transportation, Inc., and National Union Fire Insurance Company of Pittsburgh,

Pennsylvania, (collectively the "removing defendants") have filed opposition [rec. doc.

12], to which plaintiff has filed a Reply . [rec. doc. 13].  During a March 20, 2012 status

conference, the undersigned advised that the Motion to Remand would be granted.  The

instant Ruling constitutes the court's Written Reasons for Ruling.  For the following

reasons, the Motion to Remand will be **GRANTED,** subject to the stay set forth in the

accompanying order**,** and, accordingly, this lawsuit will be remanded to state court.

BACKGROUND

This survival and wrongful death action was filed in a Louisiana state court on

November 14, 2011. The removing defendants removed this action on December 14,

2011 alleging diversity jurisdiction under 28 U.S.C. § 1332 as the basis for removal.  [rec.

doc. 1].  While acknowledging that at least two defendants, the State of Louisiana

Department of Transportation and Safety ("DOTD") and the St. Landry Parish School

Board (the "School Board") are Louisiana citizens, the removing defendants allege that

their citizenship should be ignored because they have been improperly joined in this

action because plaintiff has no reasonable possibility of recovery against them.

The instant Motion to Remand was filed on January 20, 2012.  In the instant

Motion plaintiff contends that both the DOTD and the Board have been properly joined as

defendants, and that the removing defendants have not satisfied their heavy burden of

proving improper joinder.

## LAW AND ANALYSIS

"Federal courts are courts of limited jurisdiction.  We must presume that a suit lies

outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests

on the party seeking the federal forum." *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916

(5th Cir. 2001).  Here, the removing defendants have not met their burden in this case.

Accordingly, this court lacks jurisdiction and this case will be remanded.

**Diversity Jurisdiction**

The removal statute for diversity cases provides in pertinent part:

A civil action otherwise removable solely on the basis of the jurisdiction
under section 1332(a) of this title may not be removed if any of the parties
in interest properly joined and served as defendants is a citizen of the State
in which such action is brought.

28 U.S.C. § 1441(b)(2).

In cases which are removed based on diversity, it is axiomatic that no defendant

may be a citizen of the forum state.  28 U.S.C. § 1441(b); *Caterpillar Inc. v. Lewis*, 117

S.Ct. 467, 469, 473 (1996).  Thus, when there is a single defendant who is a citizen of the

forum state present, removal on the basis of diversity jurisdiction is barred. *Id*.  Similarly,

in a case with multiple plaintiffs and multiple defendants complete diversity is required.

*Id*.; *Exxon v. Allapattah*, 125 S.Ct. 2611, 2617 (2005).  Moreover, in diversity cases,  a

single non-diverse party "destroys original jurisdiction with respect to all claims" in the

action. *Id*. at 2618.  An exception to the rule of complete diversity applies when a non-

diverse defendant is improperly joined in order to defeat the court's diversity jurisdiction.

It is undisputed that both the DOTD and the School Board are citizens of

Louisiana.  The removing defendants contend that the presence of these non-diverse

defendants should be disregarded because they have been improperly joined to defeat this

court's diversity jurisdiction.

 The Fifth Circuit has recognized two ways for the removing party to establish

improper joinder:  "actual fraud in the pleading of jurisdictional facts," or an "inability of

the plaintiff to establish a cause of action against the non-diverse party in state court."

*Smallwood v. Illinois Central Railroad Company,* 385 F.3d 568, 573 (5th Cir. 2004) (*en

banc*) *citing Travis v. Irby*, 326 F.3d 644 (5th Cir. 2003) *citing Griggs v. State Farm

Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999).[1]  The removing party's burden is "heavy."

---

[1]In *Smallwood*, while sitting *en banc*, the Fifth Circuit adopted the term "improper joinder"
rather than the term "fraudulent joinder" used in prior cases, noting that "there is no substantive

*Smallwood,*  385 F.3d at 574.  Here, the removing defendants do not contend that there

was any fraud in the pleading of jurisdictional facts. The removing defendants, however,

focus on the second basis for improper joinder.   In resolving this issue, this court must

determine,

> whether the defendant has demonstrated that there is *no*
> *possibility of recovery* by the plaintiff against an in-state
> defendant, which stated differently means that there is *no*
> *reasonable basis* for the district court to predict that the
> plaintiff might be able to recover against the in-state
> defendant.

*Smallwood,* 385 F.3d at 573 *citing Travis,* 326 F.3d at 648 (emphasis added; internal

citation and quotations omitted).  Where the evidence viewed in the light most favorable

to the plaintiff at least raises *even the possibility* that the plaintiff could succeed in

establishing a claim against the Louisiana defendant under Louisiana law, remand is

required. *Ford v. Elsbury*, 32 F.3d 931, 939 (5th Cir. 1994).

The removing defendants argue that the citizenship of the DOTD and the Board

should be ignored because under Louisiana law the plaintiff has no reasonable basis for

recovery against them.  With respect to the DOTD, that argument is contrary to Louisiana

law.[2]

---

difference between the two terms."  *Id.* at 571 fn. 1. The undersigned also prefers the term "improper" joinder.

[2]Because of the presence of at least one non-diverse defendant, the DOTD, against whom the plaintiff has a reasonable possibility of recovery, the court need not address plaintiff's claim against the School Board.

In her Complaint, plaintiff has alleged that the DOTD failed to provide adequate warnings that there was a school bus loading zone on Highway 190, the highway where the accident occurred.[3]  [rec. doc. 1-3,  ¶ 3 and ¶  5].

Under Louisiana law, the DOTD is charged with the duty of keeping its highways and shoulders in a reasonably safe condition.  *Myers v. State Farm Mut. Auto. Ins. Co.*, 493 So.2d 1170, 1171-1172 (La. 1986) *citing LeBlanc v. State,* 419 So.2d 853 (La. 1982), *Sinitierre v. Lavergne,* 391 So.2d 821 (La. 1980) and *State Farm Mut. Auto. Ins. Co. v. Slaydon,* 376 So.2d 97 (La. 1979).  This duty includes the specific duty of providing adequate warnings of dangerous conditions on the highways, sufficient to alert the ordinary, reasonable motorist, to the character of the road and the use reasonably to be anticipated.  *Slaydon,* 376 So.2d at 99 *citing Aymond v. State, Dept. of Hwys.*, 333 So.2d 383 (La.  App. 3rd Cir. 1976), *Hall v. State, Dept. of Hwys.*, 213 So.2d 169 (La. App. 3rd Cir. 1968) and *LeBlanc v. Estate of Blanchard*, 266 So.2d 918 (La. App. 4th Cir. 1972) (finding the DOTD negligent for failing to warn the motoring public that cattle and other livestock frequently roamed a limited access highway because "it is the duty of the Highway Department to post signs warning motorists of conditions which pose a danger to the motoring public . . ." and the failure of the Department to warn of a such a

---

[3]Plaintiff alleges in paragraph 5 that "the accident and resulting injuries were caused through the fault and negligence of defendant, DOTD, by failing to provide safe on-loading and off-loading of school children from public school bus transportation on a major highway, including proper warning signs of the approaching school bus stop and failure to provide for an off highway loading and unloading location for school bus riders." [rec. doc. 1-3, par 5].

condition "amounts to a breach of its duty to maintain the highway in a safe condition.");

*Guy v. State, Dept. of Transp. and Development,* 576 So.2d 122, 125 (La. App. 2nd Cir.

1991); *Duffy v. State, Dept. of Transp. and Development,* 415 So.2d 375, 378 (La. App.

1st Cir. 1982); *see also Reid v. State through Dept. of Transp. and Development*, 637

So.2d 618, 623 (La. App. 2nd Cir. 1994); *Huddleston v. Ronald Adams Contractor, Inc.*,

671 So.2d 533, 537 (La. App. 1st Cir. 1996).

For this reason, viewed in the light most favorable to the plaintiff, the removing

defendants have not satisfied their burden of demonstrating that there is no possibility of

recovery by the plaintiff against the DOTD. To the contrary, in accordance with the

above analysis, under Louisiana law, there is a reasonable basis for recovery against this

defendant. Thus, because the DOTD is non-diverse, this Court cannot exercise diversity

jurisdiction over this case.

**Request for Costs, Expenses and Attorney's Fees**

Plaintiff also moves under 28 U.S.C. § 1447(c) for an award of costs, expenses and

attorney's fees against the removing defendants for improper removal of this case. This

court has discretion to award costs and expenses, including attorney's fees, incurred as a

result of improper removal. *Martin v. Franklin Capitol Corp*., 546 U.S. 132, 126 S.Ct.

704, 709 (2005); *Allstate Insurance Company v. Ford Motor Company*, 955 F.Supp. 667,

670 (W.D.La. 1996). "Absent unusual circumstances, courts may award attorney's fees

under § 1447(c) only where the removing party lacked an objectively reasonable basis for

seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin*, 126 S.Ct. at 711 *citing Hornbuckle v. State Farm Lloyds,* 385 F.3d 538, 541 (5th Cir. 2004) and *Valdes v. Walmart Stores, Inc.,* 199 F.3d 290, 293 (5th Cir. 2000). Under the unusual legal and factual circumstances presented in this case, the undersigned cannot find that the removal in this case was objectively unreasonable.  Accordingly, plaintiff's request for costs, expenses and attorney fees will be denied.

## CONCLUSION

Based on the foregoing, the removing defendants have not carried their burden of establishing that federal diversity jurisdiction exists in this case and that removal was proper.  Accordingly, the plaintiff's Motion to Remand will be **GRANTED,** subject to the stay set forth in the accompanying order**,** and this lawsuit will be remanded to state court.  It is further ordered that plaintiff's request for costs, expenses and attorney's fees will be **DENIED.**

Signed this 29th day of March, 2012, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE